# HANOVER COUNTY CIRCUIT COURT

# 15th JUDICIAL CIRCUIT OF VIRGINIA

JUDITH BURKHEAD, *pro se;*        Case No CL12001412-00

    Plaintiff,

v.

WACHOVIA HOME MORTGAGE       COMPLAINT
301 S. Tryon St.
Charlotte, NC 28282
Fax: (210) 509-1174;

WELLS FARGO BANK, N.A.
MACX2302-02J
1 Home Campus
Des Moines, IA 50328
Fax: (866) 278-1179

    Defendants.

---

Plaintiff, JUDITH BURKHEAD (hereinafter "Plaintiff"), hereby Complain against Defendants, WACHOVIA HOME MORTGAGE (hereinafter "Wachovia") and WELLS FARGO BANK, N.A. (hereinafter "Wells Fargo") and state the following grounds:

1. Plaintiff resides at her home located at 17510 Level Dr., Doswell, Virginia 23047.

**EXHIBIT A**

2. Defendant Wachovia Home Mortgage is a subsidiary corporation of Defendant Wells Fargo, doing business in Virginia.

3. Defendant Wells Fargo Bank, N.A. is a Minnesota corporation doing business in Virginia.

## FACTS

4. On April 26, 2004 Plaintiff was solicited by World Savings Bank for a refinance loan on their home mortgage.

5. Plaintiff submitted her monthly income and debt information to World Savings Bank (WSB) but the bank incorrectly and inaccurately reported the information on the Uniform Residential Loan Application.

6. WSB provided false and misleading information to Plaintiff about her interest rate and the rate of acceleration.

7. Plaintiff was not provided with required disclosures under 15 U.S.C. § 1601, et seq.

8. Plaintiff was not provided with required disclosures under 12 U.S.C. § 2601, et seq.

9. Plaintiff was not notified of the assignment of her loan in violation of 12 U.S.C. § 2605(a) despite the fact that interest in ownership and/or servicing has been assigned at least three times.

10. Plaintiff was advised that her loan was in default based upon defective calculations on the part of Defendants.

11. Defendants have refused to accept regular, proper payments from Plaintiff thus exacerbating the alleged default and increasing purported fees and penalties.

12. Defendants have refused to consider Plaintiff for loan modification, forbearance or alternative resolution to foreclosure.

## COUNT ONE: DECLARATORY RELIEF

13. Plaintiff hereby restates all prior and subsequent allegations as though fully incorporated herein.

14. Defendants' calculations are in error and fail to account for damages owed to Plaintiff based on origination and servicing violations.

15. These violations are available to Plaintiff by way of recoupment and offset and would cure any perceived default by Defendants.

WHEREFORE Plaintiff prays that this Court will enter judgment for Plaintiff and against Defendant and find that Plaintiff is not in default of her loan obligation and that Plaintiff is entitled to make the regular monthly payment that was promised and agreed under the terms of the loan.

## COUNT II: REAL ESTATE SETTLEMENT PROCEDURES ACT

## (12 U.S.C. § 2601, et. seq.)

16. Plaintiff hereby restates all prior and subsequent allegations as though fully incorporated herein.

17. Defendants failed to provide proper disclosure at closing.

18. Defendants failed to notify Plaintiff of the assignment of the ownership and servicing of the subject loan.

19. Plaintiff was not provided with disclosure of the relationships between the originators at closing.

WHEREFORE Plaintiff prays for judgment against Defendants and request actual and statutory damages in an amount to be determined at trial, for costs of this litigation, and for such other legal and equitable relief as this Court deems proper.

## COUNT III: TRUTH IN LENDING ACT

## 15 U.S.C. § 1601, et seq.

20. Plaintiff hereby restates all prior and subsequent allegations as though fully incorporated herein.

21. Plaintiff was not provided with an itemization of amounts financed.

22. Plaintiff was not provided with the required number of Notices of the Right to Cancel.

23. Plaintiff's income and debt information was improperly calculated and intentionally misrepresented.

24. The interest rates disclosed to Plaintiff were different than what was represented on the documentation.

25. Plaintiff was asked to make payments that were different than that which was presented on the amortization schedule provided to them.

WHEREFORE Plaintiff prays for judgment against Defendants in the form of actual and statutory damages in an amount to be proven at trial, for costs of this litigation, and for such other legal and equitable relief as this Court deems proper.

## COUNT IV: INJUNCTIVE RELIEF

26. Plaintiff hereby restates all prior and subsequent allegations as though fully incorporated herein.

27. Plaintiff has demonstrated a likelihood of success on the merits of her claims.

28. The potential harm to Plaintiff if Defendants are allowed to proceed with foreclosure is immeasurable.

29. Defendants will suffer no harm if they are enjoined from proceeding with foreclosure pending resolution of this case. In fact Defendants will benefit in so far as Plaintiff's damages will be less than if wrongful foreclosure is enjoined.

**WHEREFORE**, Plaintiff prays for an Order of this Court restraining and enjoining Defendants from proceeding with foreclosure pending resolution of this case.

**WE HEREBY CERTIFY** that a true copy of the foregoing was provided by fax and U.S. Mail to each above Respondent on this 30th day of July, 2012 at the addresses and numbers provided *infra*.

*/s/ Judith Burkhead*
Judith Burkhead

## VERIFICATION

I, Judith Burkhead, am a Plaintiff in the above action. I have read the foregoing and I know the contents thereof. The same is true of my own personal knowledge. I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Doswell, Virginia.

*/s/ Judith Burkhead*
Judith Burkhead, *pro se*
(804) 227-9934

Subscribed and sworn to before me, this 30th day of July, 2012.

_____
Notary Public
# 7042017
exp. 8-31-14