UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| JUDITH BURKHEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:12-cv-00832-JAG |
| ) | |
| WACHOVIA HOME MORTGAGE, ) | |
| ) | |
| and ) | |
| ) | |
| WELLS FARGO BANK, N.A. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants Wachovia Home Mortgage[1] and Wells Fargo Bank, N.A. (collectively, "Wells Fargo"), by counsel and pursuant to Fed. R. Civ. P. 12(b)(6), submit the following memorandum in support of their motion to dismiss Plaintiff Judith Burkhead's ("Burkhead") Complaint.

### ROSEBORO NOTICE

Pursuant to Local Civil Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), undersigned counsel advises Burkhead of the following:

1. Burkhead is entitled to file a response opposing this motion; any such response must be filed within twenty one (21) days of the date on which this Motion to Dismiss was filed;

2. The Court could dismiss the Complaint on the basis of Wells Fargo's moving papers if Burkhead does not file a response;

---

[1] Wells Fargo Bank, N.A., is the successor-by-merger to Wachovia Bank. Wachovia Home Mortgage is not a proper party defendant.

3. Burkhead must identify all facts stated by Wells Fargo with which she disagrees and must set forth Burkhead's version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury); and

4. Burkhead is also entitled to file a legal brief in opposition to the one filed by Wells Fargo, which has been filed with this Court.

## INTRODUCTION

This action is the second installment of Burkhead's now two year effort to delay Wells Fargo's right to foreclose on a property in Doswell, Virginia. Burkhead openly acknowledges that she defaulted on her loan with Wells Fargo nearly three years ago, and yet remains in possession of the property to this day.

Burkhead first filed suit against Wells Fargo in late 2010 in Hanover County Circuit Court, Case No. CL10001378-00, asserting a vague scattershot of fraud claims and contending that Wells Fargo was required to prove its status as holder of Plaintiff's mortgage before it could foreclose. After the court sustained Wells Fargo's demurrer, Plaintiff filed an Amended Complaint, again asserting the same "show-me-the-note" claims that already had been rejected. On August 12, 2011, the court dismissed all of Plaintiff's claims with prejudice. Plaintiff then filed a Notice of Appeal, Sup. Ct. Va. Record No. 111984, and on February 17, 2012, Plaintiff's Petition for Appeal was dismissed. After rehearing was requested, on April 27, 2012, the court declined to set aside its ruling.

After nearly a year and a half of litigation, and after finally receiving the April 27, 2012, ruling from the Supreme Court of Virginia, Wells Fargo prepared to foreclose on Plaintiff's property. Its efforts to initiate that foreclosure prompted the instant suit. As with Plaintiff's

previous claims, the Complaint here utterly lacks merit and openly ignores both the facts and the law. This lawsuit should be viewed for what it is: an inaccurate and frivolous attempt to buy time and delay the inevitable consequence of Plaintiff's years of default. Wells Fargo therefore asks the Court to dismiss this action swiftly and with prejudice.

### ALLEGED FACTS[2]

Plaintiff's claims allegedly arise out of a 2004 refinancing of a mortgage on her property in Doswell, Virginia (the "Loan"). Compl., ¶ 1, 4. World Savings Bank, FSB ("WSB") allegedly originated the Loan. *Id.* at ¶ 5.[3]

Burkhead alleges that she received false or misleading information regarding her interest rate and rate of acceleration, and that she did not receive several disclosures required under both the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("TILA" and "RESPA", respectively).

As a result of these alleged violations of federal law, not only does Burkhead seek actual and statutory damages, but she also contends that she is entitled to declaratory and injunctive relief applying any damages she could recover under TILA and RESPA to her loan balance. *Id.* at ¶¶ 15, 29. Burkhead claims these damages "would cure any perceived default[.]" *Id.* at ¶ 15.

### STANDARD OF REVIEW

Wells Fargo brings this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss tests the sufficiency of the plaintiff's initial pleading and does not resolve contests surrounding the facts or the merits of a claim. *See Republican Party of N.C. v. Martin*, 980 F.2d

---

[2] The "Alleged Facts" section is based upon the allegations contained in the Complaint. Although Wells Fargo disagrees with Plaintiff's claims, for the limited purpose of this motion, the well-pleaded allegations contained in the Complaint are taken as true.

[3] WSB was acquired by Wachovia Mortgage, FSB, which subsequently merged into Wells Fargo. *See Tatar v. Wachovia Bank, N.A.*, No. 12-13314, 2012 U.S. Dist. LEXIS 157376, at *2 n.1 (E.D. Mich. Nov. 2, 2012); *Wolf v. Wells Fargo Bank, N.A.*, No. C11-01337, 2011 U.S. Dist. LEXIS 117835, *3 (N.D. Cal. Oct. 12, 2011).

943, 952 (4th Cir. 1992). When considering a motion to dismiss, the Court should accept as true all well-pleaded factual allegations and should view the complaint in a light most favorable to the plaintiff. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991). The Court, however, need not accept as true the legal conclusions, unwarranted inferences, unreasonable conclusions, or arguments asserted in the complaint. *See Eastern Shore Mkts., Inc.*, 213 F.3d at 180; *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Furthermore, a "pleading that offers 'legal conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Stidham v. Jackson*, 2:07-cv-00028, 2007 U.S. Dist. LEXIS 54032, at *13 (W.D. Va. July 26, 2007) (legal conclusions "couched as factual allegations need not be accepted as true").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 8(a)(2) (pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A claim is "factually plausible" when the claimant pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In *Iqbal*, the Supreme Court enunciated a "two-step test" for determining whether a complaint survives dismissal:

> **First**, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . **Second**, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

556 U.S. at 678 (emphasis added). Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. If any factual allegations remain, the Court then should review them to determine if the plaintiff has stated a plausible claim for relief. *Id.*

## ARGUMENT

I. **Burkhead's claims relating to disclosures made at closing are at odds with the closing documents Burkhead signed.**

Burkhead's TILA and RESPA claims stem from allegations that several disclosures were not provided to her at closing in 2004. *See* Compl., ¶¶ 17, 19, 21-25. The documents signed by Burkhead at closing, however, tell an entirely different story.[4]

Burkhead contends that she was not provided with an itemization of amounts financed, a Notice of Right to Cancel, or a disclosure explaining that servicing of her loan may be transferred. Compl.,¶ ¶ 9, 17, 21. Not only did Burkhead sign an Acknowledgement Letter on April 22, 2004, stating that she received **all** of these documents (attached as **Exhibit A**), but Burkhead and her husband each signed these disclosures acknowledging that they received copies. Copies of the signed Truth-in-Lending Disclosures are attached as **Exhibits B** and **C**; copies of the signed Notice of Right to Cancel are attached as **Exhibits D** and **E**; and copies of the signed Mortgage Servicing Transfer Disclosure are attached as **Exhibits F** and **G**. In short,

---

[4] The disclosure documents attached hereto are integral to, and were referenced in, Burkhead's Complaint, and therefore may be considered on a Motion to Dismiss. *See Luther v. Wells Fargo Bank*, No.: 4:11cv00057, 2012 U.S. Dist. LEXIS 142538, at *4 n.1 (W.D. Va. Aug. 6, 2012) ("The court may properly consider documents referenced in the complaint when considering a motion to dismiss under Rule 12(b)(6).") (citing *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004); *Condel v. Bank of Am., N.A.*, No. 3:12cv212-HEH, 2012 U.S. Dist. LEXIS 93206, at *9 (E.D. Va. July 5, 2012) ("[T]he court may consider documents attached to the defendant's motion to dismiss if those documents are central to the plaintiff's claim or 'sufficiently referred to in the complaint' . . . .")

Burkhead's allegations of TILA and RESPA disclosure violations are **categorically false**, and must be dismissed with prejudice.

## II. Burkhead fails to state a viable RESPA claim.

### A. Burkhead's RESPA claim is barred under the applicable three year limitations period.

In Count II of her Complaint, Burkhead alleges that Wells Fargo violated RESPA. While it is unclear upon which specific statutory provision Burkhead bases her claim, earlier in her Complaint Burkhead states that she "was not notified of the assignment of her loan in violation of 12 U.S.C. § 2605(a)." Compl., ¶ 9.

Section 2605(a) of RESPA provides:

> (a) Disclosure to applicant relating to assignment, sale, or transfer of loan servicing. Each person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, **at the time of application for the loan**, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding.

12 U.S.C. § 2605(a) (emphasis added). Thus, Burkhead appears to allege that Wells Fargo failed to give her notice of the possibility of assignment, sale, or transfer when the loan application was executed – April 22, 2004. Not only is this allegation demonstrably false, as demonstrated by the disclosure forms she signed, but Burkhead's claim also is barred by the three year limitations period under 12 U.S.C § 2614 for any action brought pursuant to section 2605. *See* 12 U.S.C. § 2614.[5] Therefore, Burkhead's claim must have been brought within three years of the execution

---

[5] Section 2614 states:

> Any action pursuant to the provisions of section 6, 8, or 9 [12 USCS § 2605, 2607, or 2608] may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 6 [12 USCS § 2605] and 1 year in the case of a violation of section 8 or 9 [12 USCS § 2607 or 2608] from the date of the occurrence of the violation, except that

of the Loan in 2004. The claim is clearly time-barred, and Defendants' motion to dismiss must be granted.

### B. Burkhead fails to state a viable claim under 12 U.S.C. § 2605(b).

Assuming *arguendo*, however, that Burkhead is attempting to allege some violation of section 2605(b) in Count II of her Complaint, that argument also fails. Section 2605(b)(1) of RESPA states:

> (b) Notice by transferor of loan servicing at time of transfer.
> (1) Notice requirement. Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person.

12 U.S.C § 2605(b)(1).

Burkhead fails to allege any facts that would support the conclusion that an "assignment, sale, or transfer" occurred that would trigger any notice requirement under Section 2605(b). Without such specific facts, Burkhead's claim must fail. *See, e.g., Edwards v. Wachovia Mortg.*, No. 10cv1763, 2011 U.S. Dist. LEXIS 114464, at *9 (S.D. Cal. Oct. 24, 2011) ("Plaintiff does not allege when any alleged transfer of the loan took place or what entities were involved in the transfer to state a claim that Defendant Wells Fargo was required to [provide] notice to Plaintiff.").

Nor could Plaintiff assert such a factual allegation. In this case, Plaintiff's loan was originated by World Savings Bank, FSB, which changed its name to Wachovia Mortgage, FSB in 2007 and later merged with Wells Fargo Bank N.A. in 2008. *See Permito v. Wells Fargo Bank, N.A.*, No. C-12-00545-YGR, 2012 U.S. Dist. LEXIS 55977, at *3-4 (N.D. Cal. Apr. 20,

---

actions brought by the Bureau, the Secretary, the Attorney General of any State, or the insurance commissioner of any State may be brought within 3 years from the date of the occurrence of the violation.

12 U.S.C. § 2614.

2012) (taking judicial notice that "Wachovia Bank merged with World Savings, and effective January 1, 2008, World Savings changed its name to Wachovia Mortgage. . . . [O]n December 31, 2008, Wells Fargo Bank, N.A. acquired Wachovia Bank in a stock-for-stock merger."); *Tofighbakhsh v. Wells Fargo & Co.*, No. 10-830-SC, 2010 U.S. Dist. LEXIS 69627 (N.D. Cal. June 16, 2010); *see also* 2009 Form 10-K of Wells Fargo & Co., filed with the United States Security and Exchange Commission, at 1 (attached hereto as **Exhibit H**).[6]

Fatal to Plaintiff's claim, these transitions do not constitute "transfers" for RESPA purposes and are specifically exempt from the statute's mandatory notice requirements. *See Brown v. Morris*, 243 F. App'x. 31 (5th Cir. 2007) (holding that servicer "was not required to provide [borrower] with a post-merger notice of the transfer of servicing rights"); 24 C.F.R. § 3500.21(d)(1)(i) ("The following transfers are not considered an assignment, sale, or transfer of mortgage loan servicing for purposes of this requirement if there is no change in the payee, address to which payment must be delivered, account number, or amount of payment due: (A) Transfers between affiliates; (B) Transfers resulting from mergers or acquisitions of servicers or subservicers."). As such, Plaintiff's RESPA claim must be dismissed.

But even if a transfer had occurred at or prior to Wells Fargo's merger with Wachovia in 2008, any ensuing RESPA violation would, again, be barred by the three year limitations period.

---

[6] Courts may take judicial notice of public records filed with the Securities and Exchange Commission when deciding a Motion to Dismiss. *See In re PEC Solutions, Inc. Secs. Litig.*, 418 F.3d 379, 390, 125 Fed. Appx. 490 & n. 10 (4th Cir. 2005) (courts may take judicial notice of documents publicly filed by corporation with the Securities and Exchange Commission when considering a motion to dismiss); *see also Carlucci v. Han*, No. 1:12cv451, 2012 U.S. Dist. LEXIS 153676, at *23 (E.D. Va. Oct. 24, 2012)( "The Court may also take judicial notice of matters of public record.") (citing *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *Hanks v. Wavy Broad., LLC*, No. 2:11cv439, 2012 U.S. Dist. LEXIS 15729, at *10-11 (E.D. Va. Feb. 7, 2012).

*See* 12 U.S.C § 2614. Burkhead filed her Complaint over three years and six months after the last possible purported "transfer", and therefore, her RESPA claim must fail.

### C. Burkhead fails to allege any pecuniary damages or facts that would support statutory damages under RESPA.

Finally, even if Burkhead's RESPA claim could survive its significant limitations period issues, and the inapplicability of Section 2605(b) to the acquisition and merger that resulted in Wells Fargo's current relationship with Burkhead, Burkhead's RESPA claim nonetheless must fail because she has failed to allege any pecuniary damages, or a right to statutory damages, arising out of a purported RESPA violation.

Under 12 U.S.C. § 2605(f)(1), a violation of RESPA may lead to "any actual damages to the borrower as a result of the failure," and "any additional damages . . . in the case of a pattern or practice of noncompliance . . . in an amount not to exceed $ 1,000." Critically, "[c]ourts in this circuit have consistently read Section 2605 to require pleading statutory and actual damages to state a claim under RESPA." *Luther v. Wells Fargo Bank*, No.: 4:11cv00057, 2012 U.S. Dist. LEXIS 142538, at *22 (W.D. Va. Aug. 6, 2012) (collecting cases from the Fourth Circuit); *see also Bradford v. HSBC Corp.*, No. 1:09cv1226, 2010 U.S. Dist. LEXIS 143531, at *22 n. 6 (E.D. Va. Sept. 20, 2010) (collecting cases). Moreover, "the conclusory assertion" that Burkhead is entitled to actual or statutory damages "is insufficient to show plausibly" that such damages arise from any purported RESPA violation. *Luther*, 2012 U.S. Dist. LEXIS 142538, at *23.

In this case, Burkhead appears only to be alleging (in threadbare fashion) a single violation of Section 2605(a), which would have occurred, if at all, at the time of closing. *See* Compl., ¶ 9. Even if, instead, Burkhead is asserting a violation under Section 2605(b), again, this allegation would not give rise to "a pattern or practice of noncompliance" that would entitle Burkhead to statutory damages. Nor does Burkhead make any allegation that would support any

pecuniary loss resulting from any purported RESPA violation. For this additional reason, Burkhead's RESPA claim must be dismissed.

### III. Burkhead fails to state a viable TILA claim.

TILA carries with it a one year limitations period for damages actions. *See* 15 U.S.C. § 1640(e) (requiring a TILA damages claim to be brought "within one year from the date of the occurrence of the violation[.]"); *see also McLeod v. PB Inv. Corp.*, No. 11-1259, 2012 U.S. App. LEXIS 16054, at *13 (4th Cir. Aug. 1, 2012) ("TILA . . . provide[s] a one-year statute of limitations for affirmative actions for damages."). Here, Burkhead acknowledges the Loan transaction occurred in 2004. *See* Compl., ¶ 4. Thus, Burkhead's claim comes many years too late to satisfy TILA's one year limitations period.

Nor has Burkhead pled any facts that would support tolling of this limitations period. As the court in *Adams v. Samuel I. White, P.C.*, No. 1:11CV323, 2011 U.S. Dist. LEXIS 98590 (E.D. Va. Aug. 31, 2011) explained, tolling of the limitations period under TILA requires that three elements be pled: "First, the party invoking the statute must have fraudulently concealed material facts. Second, the claimant must have failed to discover the facts before the statute expired. Third, both prior elements must have occurred despite the exercise of due diligence." At *10-11 (citing *Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp.*, 828 F.2d 211, 218 (4th Cir. 1987)). The due diligence prong of the tolling analysis requires that a "delinquent plaintiff has done everything she can to preserve her rights." *Chao v. Virginia Dep't of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002)

Burkhead makes no claim that Wells Fargo fraudulently concealed any alleged lack of notice. Indeed, Burkhead has been engaged in litigation with Wells Fargo since October 2010, and defaulted on the Loan well before litigation began. Burkhead, therefore, cannot possibly

contend that she failed to discover any alleged lack of notice due to fraudulent concealment in the past year from Wells Fargo.

Moreover, Burkhead has not alleged that she conducted any investigation that would indicate that she exercised due diligence. Burkhead's failure to allege any efforts to investigate her claim over almost two years of litigation with Wells Fargo only underscores that she cannot make such a claim. *See Cordon v. Aurora Loan Servs., LLC*, No. 1:10cv645, 2010 U.S. Dist. LEXIS 89031, at *15 (E.D. Va. Aug. 26, 2010) ("Despite Defendants' alleged failure to deliver them the requested documentation, Plaintiffs chose not to inquire further, executed the an adjustable rate note to purchase a house, and continued to make the monthly payments . . . . Defendants' previous failure to deliver the documentation that Plaintiffs requested should have led them to the path of specific inquiry . . . .").

Thus, Burkhead's TILA claim is barred by the applicable statute of limitations and must be dismissed.

### III. Burkhead's conclusory claims for declaratory and injunctive relief fail along with her RESPA and TILA claims.

Aside from Burkhead's RESPA and TILA claims, Burkhead seeks declaratory and injunctive relief. Specifically, Burkhead requests an Order declaring that Burkhead is not in default, because she is entitled to a setoff based on the alleged TILA and RESPA violations. Compl., ¶¶ 14-15. Likewise, Burkhead contends she is entitled to an injunction barring Wells Fargo from foreclosing on her property "Plaintiff's damages will be less than if wrongful foreclosure is enjoined [*sic*]." *Id.* at ¶ 29. In short, both Counts I and IV are premised on the viability of the alleged violations of federal law contained in Counts II and III. As addressed above, Burkhead's TILA and RESPA claims lack merit and are barred by the applicable

limitations periods, and thus should be dismissed with prejudice. Therefore, Counts I and IV also should be dismissed.

Even aside from Burkhead's reliance on nonexistent violations of federal law to support her claims for declaratory and injunctive relief, she fails to provide any supporting factual allegations. Burkhead's request for injunctive relief is little more than a rote recitation of (some) of the legal elements of injunctive relief. Thus, even if Burkhead could extract these claims from her fatally deficient RESPA and TILA claims (she cannot), her requests for declaratory and injunctive relief must fail.

## CONCLUSION

For the foregoing reasons, Defendants Wachovia Home Mortgage and Wells Fargo Bank, N.A., respectfully request that this Court dismiss with prejudice Plaintiff Judith Burkhead's Complaint in its entirety, and that the Court provide any other relief that it deems appropriate.

Respectfully submitted,

    /s/ Nicholas R. Klaiber
    Of counsel

Mary Catherine Zinsner, Esquire (VSB No. 31397)
S. Mohsin Reza, Esquire (VSB No. 75347)
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, VA 22102-3805
Telephone: 703-734-4334
Facsimile: 703-734-4340
mary.zinsner@troutmansanders.com
mohsin.reza@troutmansanders.com

Nicholas R. Klaiber (VSB No. 80563)
TROUTMAN SANDERS LLP
1001 Haxall Point

P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 698-6017
michael.lacy@troutmansanders.com
nicholas.klaiber@troutmansanders.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on this 19th day of November, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I have also sent a copy to Plaintiff Judith Burkhead, addressed as follows:

>Judith Burkhead
>17510 Level Drive
>Doswell, Virginia 23047

>    /s/ Nicholas R. Klaiber
>Nicholas R. Klaiber (VSB No. 80563)
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>P.O. Box 1122
>Richmond, Virginia 23218-1122
>Telephone: (804) 697-1200
>Facsimile: (804) 698-6017
>nicholas.klaiber@troutmansanders.com

20178988v1