# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA

JUDITH BURKHEAD,                          Case No:  3:12-cv-832JAG

                    Plaintiff,

v.

                                          **MEMORANDUMEN IN REPLY**
WACHOVIA HOME MORTGAGE                    **TO NEW MATTER IN**
301 S. Tryon St.                          **DEFENDANT'S REPLY**
Charlotte, NC  28282
Fax: (210) 509-1174;


WELLS FARGO BANK, N.A.
MACX2302-02J
1 Home Campus
Des Moines, IA  50328
Fax: (866) 278-1179


                    Defendants.

_____

Plaintiff, JUDITH BURKHEAD, prays that this Honorable Court will accept

this Memorandum in Reply to the new matter presented in Defendant's Reply to

Plaintiff's Opposition to the Motion to Dismiss, and states as follows:


**Summary of Argument**

It is audacious in the extreme that Defendant's rely so comfortably on their mischaracterization of Plaintiff as the antagonist in this action.  Defendant has been subjected to some of the largest fines and penalties in the history of our nation as a result of conduct identical to that which is alleged by Plaintiff.  Counsels for Defendant, in their Reply, continue to make material misrepresentations of fact and distort Plaintiff's arguments in support of positions that are wholly without merit.

Defendant contends that Plaintiff has failed to respond to Defendant's arguments and that Plaintiff's Complaint must therefore be dismissed. Specifically, Plaintiff has alleged that she was not provide with the required disclosures at the time of the origination of her loan, and that she was not provided with required disclosures in the servicing of her loan, as required by the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq., and the Truth In Lending Act, 15 U.S.C. § 1601, et seq.  Defendant responded by producing exactly two (2) such documents, i.e. the Interest Rate Disclosure Statement and Notice of the Right to Cancel, and claims that these documents demonstrate that Plaintiff's arguments are without merit.  Defendants failed to attach an Itemization of the Amounts Financed, Good Faith Estimate, HUD-1 Settlement Statement, Escrow Disclosure Statement, Uniform Residential Loan Application, Appraisal Report, and numerous other documents that relate specifically to Plaintiff's loan to support their argument.

If there is a concession implicated as to these required disclosure this Court should interpret that concession to have been made by Defendants. Defendants poor effort to support its argument, if anything, substantiates Plaintiff's allegations.

## I.   *Defendant has deliberately misstated Plaintiff's arguments regarding defective disclosure in an effort to deceive the Court.*

Defendant argues that Plaintiff has failed to address Defendant's arguments and thereby admits their legitimacy (Defendant's Reply, pg. 2, ¶ 3). There is no legal support for this conclusion. Plaintiff has already made her allegations in her Complaint and they have not been disproven by the two (2) documents produced by Wells Fargo.

Defendant offers no legal support for this conclusion except to argue that Plaintiff's RESPA claim for failure to notify of the assignment of the servicing and ownership of her loan was not a violation of 12 U.S.C. § 2605(b). Defendant offers documentary support in the form of the disclosures required by 12 U.S.C. § 2605(a), i.e. disclosure that the loan *may be* assigned, sold or transferred. Defendant's documentary evidence does not touch upon Plaintiff's argument that she was not provided with the notice required by 12 U.S.C. § 2605(b)("each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person."). Plaintiff alleged in her Complaint that her loan was assigned at least

three times without notice. Defendant has failed to dispute or refute such allegations.

Defendant's argument that Plaintiff has failed to plead actual and statutory damages is under TILA and RESPA is belied by the language in each counts prayer for relief.

***II. Defendant failed to address the issue of equitable tolling in its Motion to Dismiss and now seeks to mislead this Court by misstating the applicable case law.***

Defendant argues that Plaintiff has failed to plead sufficient facts to justify the application of equitable tolling. Defendant concedes that Plaintiff has correctly stated the qualifying test for equitable tolling but contends that Plaintiff has failed to properly plead fraudulent concealment because, Defendant claims, Plaintiff's arguments rely entirely on the failure to provide required disclosures.

Plaintiff has alleged that World Savings Bank incorrectly and inaccurately reported debt and income information on the Uniform Residential Loan Application that was submitted to underwriting, but not seen by Plaintiff, in order to mislead Plaintiff into believing that she qualified for the loan in question (Plaintiff's Complaint, ¶5). Plaintiff has alleged that World Savings Bank provided false and misleading information to Plaintiffs about their interest rate and the rate of acceleration (Plaintiff's Complaint, ¶6). Plaintiffs were asked to pay

larger monthly payments than what was required in their closing documents (Plaintiff's Complaint, ¶ 25). Defendant's representation that Plaintiffs' loan was in default was predicated upon these misrepresentations. These misrepresentations are fraudulent and are separate and apart from the violations implicated by failure to disclose.

All of the cases cited by Defendant deal with claims that rely solely on the fact that disclosures were not made. Cordon v. Aurora Loan Servs, LLC, No. 1:10-cv-645, 2010 US Dist. LEXIS 89031 at *15 (E.D. Va. Aug. 26,, 2010); Croxford v. Sutherland Title, No. 2:10-cv-0573, 2011 U.S. Dist. LEXIS 1687, at *3 (D. Utah, Jan. 7, 2011); Caballero v. Am. Mortg. Network, 2011 U.S. Dist. LEXIS, at *12-13 (E.D. Va. Aug. 8, 2011). In each of these cases the claimants seeking equitable tolling asserted that they were unaware of certain contractual terms and were not made aware because they were not provided with required disclosures. This is wholly distinct from Plaintiffs' claims.

Plaintiff has alleged that the origination of her loan was completed by fraudulent misrepresentation that was intentionally concealed from her. Plaintiff has also alleged that Defendant intentionally and maliciously manipulated the accounting of her loan to create a fraudulent default upon which Defendant could pursue foreclosure. Defendant's characterization of Plaintiff's claims is completely inaccurate and its Motion to Dismiss must be denied.

## Conclusion

Defendant's Motion to Dismiss must be denied because Plaintiff has sufficiently pled claims involving contested material facts. Defendant's position that Plaintiff's allegations lack credibility is undermined by published regulatory findings of impropriety of the exact nature articulated by Plaintiff.

Dated: 1/28/13                    Respectfully submitted,

Judith Burkhead
(804) 334-3113

**I HEREBY CERTIFY** that a true copy of the foregoing was provided by fax and U.S. Mail to each above Respondent's attorney, Nicholas Klaiber, on this 29th day of January, 2013 at Troutman Sanders, LLP, 1001 Haxall Point, PO Box 1122, Richmond, VA 23218; FAX: 804-698-6017.

**Judith Burkhead**